**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO: 3:24-cv-00712-HTW-ASH**

**MISSISSIPPI STATE SENATE**                                       **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION TO STAY THE ENTIRETY
OF THE PROCEEDINGS – INCLUDING THE DEADLINE
FOR RESPONSIVE PLEADING**

### I.    Introduction

The Mississippi State Senate ("Senate") requests that this Court stay the entirety of the proceedings, including the Senate's responsive pleading, which is due on or before January 30, 2025. The Senate requests the Stay to allow the Trump Department of Justice ("Trump DOJ") to review whether the case should be withdrawn because the alleged discriminatee is exempt from Title VII of the Civil Rights Act of 1964 ("Title VII"). This request is made in light of the Trump DOJ's internal memorandum issuing a litigation freeze. *See* Ex. A, January 22, 2025, Memorandum for Kathleen Wolfe, Supervisory Official of the Civil Rights Division, SUBJECT: LITIGATION FREEZE.

### II.    Facts

President Donald J. Trump was elected to a second term on November 5, 2024. On November 8, 2024, the Biden Department of Justice – Civil Rights Division ("Biden DOJ") filed a Complaint against the Senate, three days after then-

nominee Trump defeated then-Vice President Kamala Harris in the 2024 Presidential Election. The Biden DOJ received this case on referral from the Equal Employment Opportunity Commission ("EEOC"), twenty-five months earlier, on October 7, 2022. It arose from an EEOC Charge ("Charge") filed by Kristie Metcalfe ("Metcalfe), a former Senate staff attorney, on May 31, 2019. Doc. 1.

The Complaint alleges disparate pay based on race discrimination. Doc. 1. The Senate has consistently pled Metcalfe is exempt from Title VII because she was an immediate adviser to elected officials, State Senators, on the constitutional and legal powers of their office. Without citing to any legal authority, the Biden DOJ ignored the exemption.

After his election victory, then-President-Elect Trump announced the nominations of Pam Bondi as Attorney General and Harmeet Dhillon as Assistant Attorney General for the Civil Rights Division. President Trump was sworn in on January 20, 2025.

On January 22, 2025, President Trump's Department of Justice Chief of Staff Chad Mizelle ("COS Mizelle") issued a "LITIGATION FREEZE" memorandum ("DOJ Memo") to DOJ's Civil Rights Division. Ex. A. The DOJ Memo was issued "[c]onsistent with the Department's goal of ensuring that the Federal Government speaks with one voice in its view of the law and to ensure that the President's appointees or designees have the opportunity to decide whether to initiate any new cases." *Id*. COS Mizelle was to be "[n]otif[ied] . . . of any complaint[] . . . filed by

anyone in the Civil Rights Division within the last 90 days," or after October 24, 2024. *Id*. Issues with "implementing the freeze," such as imminent deadlines, were also to be reported. *Id*.

On January 24, 2025, after learning of the DOJ Memo through media reports, the Senate requested Louis Whitsett, the trial attorney assigned by the Biden DOJ, confirm the DOJ Memo stayed this matter or, if not, to confirm that what authority distinguished this case. Ex. B. DOJ denied there was a stay "at this time" and claimed the support for that decision was protected by the attorney-client privilege and the governmental deliberative privilege. Ex. C. The Senate responded requesting DOJ agree to a stay. Ex. D. DOJ refused. Ex. E.

The Senate has since obtained a copy of the internal memorandum, which is attached as Exhibit A.

## III.   Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936).

### A. *DOJ leadership has issued a clear directive.*

COS Mizelle ordered a litigation freeze of any case filed by the Biden DOJ Civil Rights Division within the last 90 days. Ex. A. The subject Complaint was filed

on November 8, 2024, 75 days before the DOJ Memo was issued. Doc. 1. Per the DOJ Memo, the Trump DOJ now considers this case frozen.

In light of this DOJ Memo, the Senate moves the Court to order a stay during the pendency of this freeze. During the freeze, Attorney General Designate Bondi and Attorney General for Civil Rights Division Designate Dhillon will have the opportunity to review and decide whether the Trump DOJ will further prosecute. Neither Ms. Bondi nor Ms. Dhillon have been confirmed; meaning no review by an appointee has occurred. More so, the Senate raised this issue at 11:46 AM on January 24, 2025; DOJ denied it was stayed at 1:25 PM on January 24, 2025, less than two hours later; meaning no substantive review, even by a designee, could have occurred.

A Trump DOJ review is particularly necessary — and even determinative — here because the Senate has consistently argued Metcalfe is exempt from Title VII, a critical threshold issue that if reversed would end this case.

**B. Even if the President did not direct a freeze, a stay is appropriate.**

The American people elect a President to carry out his policies. *Collins v. Yellen*, 594 U.S. 220, 252 (2021). And he "is entitled to assess administrative records and evaluate priorities in light of the philosophy of the administration." *Motor Vehicles Mfrs. Ass'n of U.S. Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 59 (1983).

Thus, stays are regularly ordered when administrations change. *NWDC Resistance v. Immigration & Customs Enforcement*, No. C18-5860JLR, 2021 WL 1840834, at *1 (W.D. Wash. Apr. 8, 2021) (ordering a stay due to change in

administration); *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 116CV00307DADSKO, 2021 WL 1721698, at *3 (E.D. Cal. Apr. 30, 2021) (ordering a stay considering change in presidential administration); *Elec. Frontier Foundation v. Off. Of Director of Nat'l Intel.*, No. C 08-01023 JSW, 2009 WL 773340, at *1 (N.D. Cal. Mar. 23, 2009) (ordering a stay due to change in administration); *Maine v. Wheeler*, No. 1:14-CV-00264-JDL, 2018 WL 6304402, at *2 (D. Me. Dec. 3, 2018) (acknowledging a stay was ordered due to administration change); *State of Texas, et al. v. United States, et al.*, No. CV B-14-254, 2017 WL 11698657, at *1 (S.D. Tex. Jan. 19, 2017) (acknowledging joint motion to stay due to change in administrations); *U.S. v. Stevens*, 715 F. Supp. 2d 1, *9 (D.D.C. 2009) (vacating order to DOJ due to anticipated personnel changes related to administration change).

When requesting a stay based on changing administrations, courts weigh these factors:

> (1)    the possible damage which may result from granting the stay;
>
> (2)    the hardship or inequity which a party may suffer in being required to go forward; and
>
> (3)    the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*N. Coast Rivers All.,* 2021 WL 1721698 at *3 (citing *Lockyer v. Mirant,* 398 F.3d 1098, 1110 (9th Cir. 2005)); *Landis,* 299 U.S. at 254-55; s*ee also McGregory v. 21st Cent. Insur. & Finan. Servs. Inc.*, No. 1:15-CV-00098-DMB-DAS, 2016 WL 11643678, at *1 (N.D. Miss. Feb. 2, 2016) (adopting similar factors when evaluating stay request).

    1. *The DOJ will not be damaged.*

Because the DOJ failed to expeditiously prosecute this matter and does not allege further harm to the charging party or others, it cannot now argue additional time will cause it damage. *See NWDC*, 2021 WL 1840834 at *2 (finding the parties' years of continuance demonstrated delays were not problematic).

In *NWDC,* the non-moving party argued a stay would further delay ending an alleged unconstitutional policy. *Id.* The Court was unpersuaded because the plaintiff failed to show any additional examples of alleged unconstitutional actions, other than citing to examples from years prior, and the parties had agreed to numerous lengthy continuations, demonstrating it was not time sensitive. *Id.*

Here, DOJ is pursuing a single plaintiff claim based on facts from over six years ago. The single plaintiff was last employed by the Senate in November 2019, and there are no allegations of continued discrimination against her or others. Like the federal agency in *NWDC*, DOJ has never considered this case time sensitive. The underlying Charge was filed on May 31, 2019; three and half years later, DOJ

received the file on October 7, 2022, from the EEOC; and then, over two years later, DOJ filed the Complaint on November 8, 2024.

Plus, the stay would be limited in time. *Cf. McGregory*, 2016 WL 11643678 at *3 (even a delay with unknown limits is insufficient to show damage). Once the nominations are confirmed, the DOJ controls the timeline. Ms. Bondi's, Attorney General Designate, confirmation vote is scheduled for January 29, 2025. Ms. Dhillon's, Assistant Attorney General for Civil Rights Division Designate, nomination was received in the Senate and referred to the Committee on the Judiciary on January 20, 2025. Her predecessor, Kristen Clarke, was confirmed on May 25, 2021, or 125 days after inauguration. *McGregory*, 2016 WL 11643678 at *4 (a five a half month stay is reasonable and unlikely to cause prejudice) (citing *Kamal v. J. Crew Grp., Inc.,* 2015 WL9480017, *2 (D.N.J. Dec. 29, 2015) (six month stay is reasonable and will not cause harm)). Considering this case has been pending since May 31, 2019, and DOJ has had the case since October 7, 2022, a stay to allow Ms. Bondi and Ms. Dhillon to be confirmed and the opportunity to review is reasonable and will not prejudice the DOJ.

It is also insufficient for DOJ to argue the stay may negatively impact its position. *See Elec. Front.,* 2009 WL 773340 at *2. In *Electronic Front,* the recently sworn in Obama administration issued a memorandum instituting a new policy that potentially resolved the issue at hand and "although the new guidelines may undermine [an agency's position], this possibility is not a legitimate basis for this

Court to deny a stay." *Id.* Because if a party's "case is weak, justice will be served by having that fact revealed" early. *Id.*

The Trump DOJ may conclude Ms. Metcalfe is exempt—ending this matter. The fact such a decision negatively impacts the position of a previous administration does not prejudice the DOJ. Not only would this not prejudice DOJ, but it would conserve DOJ time and resources. *Id.*

2. *Without a stay, the Senate will suffer hardship.*

Engaging in litigation when the new administration's policies may render those efforts moot is a hardship. *NWDC*, 2021 WL 1840834 at *2 (holding engaging in discovery when new guidance may render that moot is a hardship); *see also McGregory*, 2016 WL 11643678 at *3 (recognizing hardship when party is forced to litigate an issue that may be rendered moot by pending court decision) (string cite omitted).

The Trump DOJ is undertaking review of matters filed by the Biden DOJ within the last 90 days. Ex. A. The Senate has repeatedly argued—and will argue to the Trump DOJ—that Metcalfe is exempt from Title VII. The Biden DOJ ignored this threshold issue.

If made to proceed before the Trump DOJ review, which could address and reverse the Biden DOJ's failure to apply the exemption, the Senate will be forced to take potentially unnecessary actions and will be stripped of the opportunity to

demonstrate to the Trump DOJ that Ms. Metcalfe is exempt, and this matter should have never been brought. *Elec. Front.*, 2009 EL 773340 at *3.

3. *The orderly course of justice will be simplified if a stay is granted.*

This case was filed less than 90 days ago, and the Senate has yet to even file a responsive pleading. *Cf. NWDC*, 2021 WL 1840834 at *2 (granted a stay at the discovery stage); *N. Coast,* 2021 WL 1721698 at *1–2 (granted stay after case had been ongoing for over two years). A stay allowing the Trump DOJ to conduct a full review of the exemption issue may end this case at this early stage, simplifying the orderly course of justice.

"Moving forward . . . does not represent an efficient use of time and resources given the change in administration of the executive branch." *United States v. Wilson,* 518 F. Supp. 3d 678, 682 (W.D.N.Y. 2021). Because a change in administration may result in the federal government changing its position. *See MH, et al. v. Adams*, No. 1:22-CV-00409-REP, 2025 WL 289353, at *1 n.7 (D. Idaho Jan. 24, 2025); *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 440 F. Supp. 3d 1, 8 (D.D.C. 2020) ("agencies' position changed after a new administration took office")*, aff'd sub nom. Standing Rock Sioux Tribe v. United States Army Corps of Eng'rs*, 985 F.3d 1032 (D.C. Cir. 2021). And that change may be a complete reversal by DOJ. *Bui v. Northrop Grumman Sys. Corp*., No. 15-CV-1397-WQH-WVG, 2017 WL 5256739, at *1 n.2 (S.D. Cal. Nov. 9, 2017) (citing example where DOJ reconsidered and reached the opposite conclusion.).

In *Environmental Integrity Project v. Wheeler*, President Biden issued an executive order requiring agency heads to conduct a review. No. 20-CV-1734 (KBJ), 2021 WL 6844257, at *3 (D.D.C. Jan. 27, 2021). That action suggested it was unclear whether the federal government would continue to pursue the prior administration's position. *Id.; see California v. Bureau of Land Mgmt.*, No. 18-CV-00521-HSG, 2019 WL 1455335, at *1 (N.D. Cal. Apr. 2, 2019) ("Given the recent change of Administration and the related personnel changes in the Department of Justice . . ., the [Tenth Circuit was] concerned that the briefing filed by the Federal Appellants in these cases may no longer reflect the position of the Federal Appellants.").

Just as the Biden administration issued a review directive, the Trump DOJ has done the same, signaling it may not enforce the Biden DOJ's position. The Court should grant a stay pending that review as it may streamline future efforts, conserve resources, and result in dismissal—justice simplified. *NWDC*, 2021 WL 1840834 at *3.

## IV.    Conclusion

For the reasons set forth above, the Senate respectfully requests that the Court enter an Order staying all proceedings, including the Senate's deadline to file a responsive pleading, pending review of the case by the Trump Department of Justice's appointees, in accordance with the Trump DOJ's internal memorandum, or alternatively, because courts regularly do so when administrations change.

Respectfully submitted January 27, 2025.

MISSISSIPPI STATE SENATE

BY: s/ *Armin J. Moeller, Jr.*
Attorney for Mississippi State Senate


Armin J. Moeller, Jr. (MSB 3399)
Russell Dumas (MSB 105310)
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
rdumas@balch.com

Lindsey Thomas Dowdle (MSB 102873)
Mississippi Attorney General's Office
550 High Street
Suite 1100
Jackson, MS 39205
Telephone: (601) 359-3020
Facsimile: (601) 359-2003
Lindsay.dowdle@ago.ms.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system and service will be perfected upon the following

CM/ECF participant(s) electronically on January 27, 2025.

*s/ Armin J. Moeller, Jr.*

Of Counsel

24600170.5